**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BETTINA SCAGGS; and CHARLES
SCAGGS,

        Plaintiffs,

v.                                              Case No. 6:13-cv-1759-Orl-37TBS

THE MONTESSORI SCHOOL OF
CELEBRATION FOUNDATION, INC.;
and MONTESSORI HERITAGE II, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant the Montessori School of Celebration Foundation, Inc.'s Renewed Motion to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law (Doc. 26), filed March 25, 2014; and

2. Plaintiffs' Response to Defendant, the Montessori School of Celebration Foundations, Inc.'s Renewed Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (Doc. 38), filed May 13, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

In this Fair Labor Standards Act ("FLSA") action, Plaintiffs allege that Defendants hired them to provide cleaning services for a Celebration County private school but failed to pay them minimum wages during their employment. (*See* Doc. 26, ¶¶ 5–6, 15–35.) Defendant The Montessori School of Celebration Foundation, Inc. ("Foundation") moves to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6), on the

ground that Plaintiffs' allegation that the Foundation employed them is factually inaccurate. (*See* Doc. 26, p. 1.)The Foundation attaches to its motion a copy of its articles of incorporation and the affidavit of a Foundation representative, documents which it argues conclusively establish that "Plaintiffs have sued the wrong entity." (*Id.* at 3–4, 6–10.) Plaintiffs oppose the motion (Doc. 38), and the matter is now ripe for adjudication.

When analyzing a motion to dismiss, the Court ordinarily limits its consideration to the face of the complaint and documents attached thereto. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). The court "recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* Here, that exception does not apply to the affidavit or the articles of incorporation, as neither were attached to or referenced in Plaintiffs' Second Amended Complaint. (*See* Doc. 24.) The Court therefore limits its consideration to the Second Amended Complaint's well-pleaded factual allegations. *See, e.g.*, *Stephens*, 500 F.3d at 1284.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, the Second Amended Complaint contains well-pleaded allegations that Defendants employed Plaintiffs as non-exempt day-rate paid cleaners from November 2010 through May 2013. (*See* Doc. 24, ¶¶ 6, 15–23.) The Court accepts those allegations as true and determines that they are plausible on their face. Thus, as the Foundation challenges only the factual sufficiency of its alleged employment relationship with Plaintiffs, the motion to dismiss is due to be

denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant the Montessori School of Celebration Foundation, Inc.'s Renewed Motion to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 29, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record